McClurg *v.* Hicks et al.

[76 South. 736, Division B.]

Injunction. *Sale of timber. Forfeitures. Accounting.*

Where under a contract for the sale of standing timber, defendant was to make certain improvements as a part consideration within two years or forfeit a deposit, and there was a further subsequent contract that the improvements should be made before a certain date, but not referring to the forfeiture named in the first contract, it was erroneous for the court to grant an injunction against further cutting and decree cancellation of defendant's claim before the two years for performance had expired, or, if cancellation was to be had in not awarding to defendant the consideration paid, as a consideration of cancellation, or in not ordering an accounting to see whether any sum was due defendant under the contract.

Appeal from the chancery court of Sunflower county. Hon. E. N. Thomas, Chancellor.

Bill by Mrs. Mary Hicks and others to enjoin A. J. McClurg from cutting timber and to cancel a contract. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*C. C. Moody*, for appellant.

*Herring & Wiley* and *J. L. Williams*, for appellee.

Ethridge, J., delivered the opinion of the court.

J. C. Andrews and A. J. McClurg entered into a contract with Frank Hicks, as agent for the appellees, under and by the terms of which contract Hicks sold to McClurg and Andrews the timber of every description, standing or down on certain lands in Sunflower and Coahoma counties, Miss. As to the tract in Sunflower county the timber was to be removed within two years from January 4, 1911, and by the terms of the contract all timber not removed within that time was to revert to the grantors; the consideration for said timber being one hundred dollars to be paid in cash on the signing of the contract, and the further consideration of clearing and putting into cultivation twenty acres of land, and the building of two substantial cabins of cypress lumber, of a character stipulated in the contract. It was provided that the clearing of the land should begin on or before the starting of the cutting of timber, and the grantee was to have the right to cultivate and retain the crops he might grow on the twenty acres during the years 1911 and 1912. It is then provided that, after the cabins are complete and the twenty acres properly cleared and fenced, the one hundred dollars held as a guaranty, is to be returned to the second party, McClurg and Andrews. If, however, the improvements as above set out are not up to the agreement herein, then the grantors may retain the one hundred dollars, or so much as is necessary to put the improvements in proper condition, and then pay

over the remainder, if any, to the grantees. This one hundred dollars was also to guarantee fulfillment of the contract as to the land in Coahoma county.

The contract as to the land in Coahoma county, carried a sale of timber on that land for a consideration of two hundred dollars cash, the cutting of timber to begin in the year 1911, and to be cut and removed by January 1, 1913; all timber not cut and removed by that time to revert to the grantors. In addition to the two hundred dollars cash, one hundred dollars more was to be paid within ninety days after the cutting begins, and forty acres of land was to be cleared, and two substantial cabins to be erected thereon; the second party, or grantee, to begin the clearing on or before the cutting of timber, and to have the right to cultivate and reap the benefit of all crops grown during 1911 and 1912 on the described clearing.

In 1911 some deadening of timber was done upon the two tracts of land, and preliminary work to the clearing of the land begun; but it seems satisfactory progress had not been made with reference to the improvements thereon, and on the 25th of May, 1912, a supplementary contract was entered into between McClurg and Hicks; McClurg having acquired Andrews' interest in the contract prior to this supplementary contract. Under the supplementary contract it was recited that, McClurg having forfeited the right to cut the timber, by reason of nonpayment of the balance of money due, and because he had not built the houses called for in the contract, nor plowed and cultivated the land mentioned in the contract, in consideration of one dollar in cash and the promise to stop cutting timber at once, and to begin putting up the houses called for in the contract, and to begin clearing and plowing at once, and to have at least one-half of the amount called for by the original contract cleared and plowed by July 25, 1912, at which time he may begin cutting timber after the above-mentioned improvements are made, then

the plowing and clearing to continue through the summer and fall, the clearing and plowing, being of the essence of the contract, must be done, or the timber cannot be cut; the balance of the money to be paid out of the proceeds of lumber and switch ties already cut, as the grantee gets the money out of them, the timber on the land being cleared and plowed may be cut and hauled off as the work is being done, but only on land being actually cleared.

On the 17th of August the appellees filed a bill in the chancery court, alleging that the above-mentioned contracts had been entered into, that Andrews had sold his interest to McClurg, that under the terms of said contract sixty acres of land was to be cleared and four cabins built, and one hundred dollars to be paid, and charging that this had not been done, charging, then, the execution of the contract of May 25th, above mentioned, and alleging that this contract had not been complied with, that the appellant, who was defendant below, had forfeited his right under the contract, but had refused to surrender possession of the premises and was cutting the timber on the lands, and unless restrained would continue to do so, that the appellant was insolvent, and prayed for an injunction restraining the defendant from cutting, selling, or offering for sale any of the timber mentioned, or disposing of any of the timber cut, and for the cancellation of the contract as a cloud upon the title of complainants, appellees.

The answer denied the allegations of the bill as to noncompliance with the terms of the contract, and alleged that the contract of May, 1912, was entered into, not for the purpose of varying the terms of the original contract, but to satisfy a bank at Clarksdale, which held a deed of trust upon the land, claiming that the appellees induced him to execute the contract as a guaranty to the bank that the land would be cleared in 1912.

The injunction was granted, and after the granting of the injunction, restraining McClurg from cutting the timber, the appellees cut the timber off of the land between the granting of the injunction and the trial of the cause. On the hearing the chancellor made the injunction perpetual, and canceled the claim of McClurg under the contract, and granted the full relief prayed for in the bill, but did not order a restoration of the consideration of the amount paid, nor the return of the one hundred dollars put up as a guaranty to McClurg, nor did the court order an accounting between the parties as to the value of the timber cut by Hicks after the injunction, nor as to the value of the improvements made by McClurg upon the premises.

Inasmuch as the injunction was granted prior to the time it was stipulated that McClurg should have in which to remove the timber and to put the place into cultivation, and inasmuch as the contract of May 25, 1912, did not by its terms provide for a forfeiture of the rights of McClurg if he failed to comply with the contract by the 25th of July, 1912, but only provided that he should not cut the timber unless he made the improvements, and as the suing out of the injunction enjoining McClurg under the contract should have had the effect of keeping the matter *in statu quo* until the hearing, and if the hearing resulted favorably to McClurg, giving him the balance of the time for which he was enjoined in which to comply with his contract, we are of the opinion that the chancellor committed error in sustaining the injunction and canceling the claim of the appellant, or, if cancellation was to be had, in not awarding to McClurg the consideration paid, as a condition of cancellation, or in not ordering an accounting to see whether any sum was due McClurg under the contract, and the judgment of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*